RECEIVED
CHARLES, LA
MAY - 7 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 CR 00259 |
| VS. | : | JUDGE MINALDI |
| MICHAEL PHILLIP TELEMAQUE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's Motion to Dismiss the Indictment (Rec. Doc. 33). The Government filed an Opposition (Rec. Doc. 43).

### Procedural History

Telemaque was indicted on October 11, 2011, and charged with eight counts of Failure to Depart, under 8 U.S.C. § 1253(a)(1)(B).

On November 2, 2010, the Board of Immigration Appeals adopted and affirmed the Immigration Judge's decision ordering Telemaque to be removed from the United States.

On November 15, 2010, Telemaque filed a Petition for Review, Motion for Stay of Removal and Motion to Proceed in Forma Pauperis in the United States Court of Appeals for the Ninth Circuit.

On March 18, 2011, the Ninth Circuit transferred the case to the Fifth Circuit and granted a temporary stay of removal until resolution of the pending motions by the Fifth Circuit.

On April 27, 2011, the Fifth Circuit denied Telemaque's motion for stay and petition for review.

Telemaque sought reconsideration of the Fifth Circuit's decision, and although initially denied as untimely, the Fifth Circuit ultimately found the motion for reconsideration to be timely filed.

On November 15, 2011, the Fifth Circuit considered the motion for reconsideration, and affirmed its earlier decision denying Telemaque's motion for stay and petition for review.

Law and Argument

Title 8 U.S.C. §§ 1252(b)(3)(B) and (f) allow the appellate courts to prevent an order of removal from taking effect and block the removal while the parties adjudicate the petition for review before the appellate court. *See also Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749 (2009)(accepting the parties proposition that "courts of appeals considering a petition for review of a removal order may prevent that order from taking effect and therefore block removal while adjudicating the petition."). Accordingly, the order of removal entered against Telemaque was held in abeyance and unenforceable until the stay entered by the Ninth Circuit was lifted when his appeal was resolved by the Fifth Circuit on November 15, 2011. Thus, the defendant argues that the indictment filed on October 11, 2011 fails to state a crime and should be dismissed.

The defendant, Michael Phillip Telemaque, was indicted by the grand jury for eight counts of "Failure to Depart," in violation of Title 8, United States Code, Section 1253(a)(1)(B). This section makes it a crime for an alien, who has an outstanding order of removal, to refuse to make a timely application in good faith for travel or other documents needed for the alien's removal. The indictment alleges that on eight separate occasions, from November 10, 2010 through September 1, 2011, the defendant refused to fill out some paperwork in order to assist in his removal to the United Kingdom (UK).

To convict the defendant of this offense, the Government must prove that:

1. The defendant is an alien;

2. The defendant has an outstanding Order of Removal from the United States against him; and

3. The defendant failed or refused to make a timely application in good faith for travel or other documents needed for the alien's removal.

The law is clear that an alien must make a good faith effort. The Government alleges that Telemaque chose to do nothing and would thus be subject to the criminal statute. The UK requires that the defendant fill out a passport application so that they can do an investigation to ensure that the defendant is, in fact, a citizen of the UK. The process of obtaining travel documents can take weeks or months. The court agrees with the Government that there is nothing in the statute that relieves a defendant from his duty to cooperate if there happens to be a stay order in place. The deportation officers at INS have a responsibility to obtain travel documents whether a stay order is in effect or not.  See *In Re: George Chukwuemeka Obi*, 213 Fed.Appx. 135, 2007 WL 63360 (C.A.3 Pa.) (Issuance of criminal indictment against an alien for willfully failing and refusing to apply for travel documents so that his deportation to Nigeria could be effectuated, while his petition for review of an immigration judge's final removal order was still pending, was proper, since the removal was a civil proceeding and thus entirely separate from the criminal prosecution. Immigration and Nationality Act, § 243(a)(1)(B), 8 U.S.C.A. § 1253(a)(1)(B)). Accordingly, the defendant's Motion to Dismiss will be denied.

Lake Charles, Louisiana, this __4__ day of May 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3